UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CENTER FOR PUBLIC INTEGRITY,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF LABOR*,*<br><br>*Defendant.* | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:21-cv-01005-JEB |

**DECLARATION OF DEXTER JOHNSON**

I, Dexter Johnson, declare as follows:

1. I am currently employed as the Disclosure Officer and Chief of the Document Management Branch of the Wage and Hour Division ("WHD") of the United States Department of Labor ("DOL"). I have been employed as the Disclosure Officer and Chief of the Document Management Branch since September 28, 2021.

2. In my current position, I am responsible for providing leadership to and oversight of WHD's Freedom of Information Act (FOIA) functions.

3. The purpose of this declaration is to provide the Court with information regarding DOL's search for and production of records in response to Plaintiff's Freedom of Information Act ("FOIA") request dated October 22, 2020 (hereinafter "the FOIA request").

**Search and Production of Records Responsive to Plaintiff's FOIA Request**

4. On October 22, 2020, Alexia Fernandez Campbell, of the Center for Public Integrity ("CPI" or "Plaintiff") sent an e-mail to DOL's dedicated FOIA account. **Exhibit 1.** The e-mail contained an attachment dated December 3rd 2019 that included a request for:

The complete database or other similar electronic copy of all concluded Wage and Hour Division compliance actions from 2005 to the date you conduct the responsive search, including a field indicating the statute under which each complaint was filed or under which each investigation was initiated. (The data posted on the Department of Labor's Data Enforcement web page does not include all available fields).

5.      This letter also stated that the format should be listed below "in order of preference":

> (1) a spreadsheet format such as an Excel file, tab-delimited file or similar;
> (2) word processing file, text-based PDF, or similar;
> (3) other non-proprietary electronic format

6.      The letter also sought "any and all documentation related to such electronic records, including but not limited to, data dictionaries, database documentation, record layouts, code sheets, data entry instructions, and similar printed or electronic documentation materials."

7.      On October 27, 2020, ReNay Royster, a Government Information Specialist for the WHD's Document Management Branch, acknowledged receipt of the October 22, 2020 FOIA request and notified Ms. Fernandez Campbell that her request has been assigned FOIA tracking number 2021-F-00851. **Exhibit 2.**

8.      On October 27, 2020, WHD began to search the Wage and Hours Enforcement database for documents responsive to this request for the period of January 1, 2005 to October 27, 2020.

9.      On December 10, 2020, I released the first set of data in response to FOIA request 2021-F-00851. The letter that accompanied the response indicated the day the search began as October 27, 2020 and that the responsive documents being released totaled 661 MB.

10.      On December 16, 2020, I sent Ms. Fernandez Campbell a copy of the "data dictionary" that describes each column of data in the CASE_EMPLOYEES table provided in our response. **Exhibit 3.**

11.     On January 12, 2021, I released a second set of data, which included 30 data tables in full and notified the Plaintiff that 1 data table was being withheld in full pursuant to FOIA Exemptions 6 and 7 (C). **Exhibit 4.**

12.     On February 1, 2021, Joe Yerardi, who identified himself as a data reporter at CPI contacted me, via e-mail, to inquire about the column "ER_EIN" which was originally withheld from the December and January releases under FOIA (b)(7)(E).

13.     As a result, we reviewed the withheld information and determined it could be released. On March 26, 2021, I re-released the data table entitled "CASE_EMPLOYEES" with the unredacted column labeled "ER_EIN" for the period of January 2005 to October 26, 2020. **Exhibit 5.**

14.     On April 12, 2021, Plaintiff filed this action.

15.     On July 20, 2021, on our own volition, I supplemented WHD's response and released data in column labeled "BCDC_WHIS_RECON" originally withheld from the "CASE_EMPLOYEES" table. **Exhibit 6.**

16.     Having completed the searches of the Wage and Hour Enforcement database, as described above, WHD has searched in all locations likely to contain records responsive to Plaintiff's FOIA request.

17.     Defendant has processed all material yielded by the searches described above and produced to Plaintiff over 700 MB in size of responsive records in four (4) separate productions, withholding some information pursuant to FOIA exemptions (b)(5) and (b)(6) and 7(D).

18.     **Exhibit 7,** attached hereto, is a true and correct copy of the *Vaughn* index summarizing the responsive columns of data from the "CASE_EMPLOYEES" table that were withheld in their entirety, along with the statutory exemption for each withholding.

19.     Set out below is a description of the data withheld under each of the claimed FOIA exemptions and the reason for that withholding.

## FOIA Exemption 6

20.     Title 5, United States Code, Section 552(b)(6), exempts from disclosure "personnel and medical and similar files, "the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  This exemption protects both government officials and private third parties, whose identities or private information is revealed in government records, from unwarranted invasions of their personal privacy that would not shed light on government activities.

21.     DOL is invoking exemption (b)(6) to protect withheld columns that contain the home addresses, direct phone numbers, email addresses, and names of private parties to protect from a clearly unwarranted invasion of privacy where the disclosure of such information would not serve to shed light on government activities.

## Exemption 7 – Records of Information Compiled For Law Enforcement Purposes

22.     In order to invoke any of the subsections of Exemption 7, an agency must demonstrate as a threshold matter that the records were "compiled for law enforcement purposes." 5 U.S.C. § 552(b). To satisfy this requirement, it must show that the records at issue are related to the enforcement of federal laws and that the law enforcement activity was within the law enforcement duty of an agency. See *Tax Analysts v. IRS*, 294 F.3d 71, 78 (D.C. Cir. 2002) (citing *Pratt v. Webster*, 673 F.2d 408 (D.C. Cir. 1982)).

23.     The records for which Exemption 7 was cited constitute records "compiled for law enforcement purposes." The records sought by plaintiff pertain to data of WHD's civil

enforcement actions for the last 15 years. Therefore, the responsive information at issue meets

the threshold requirement of Exemption 7. Because this information qualifies as Exemption 7

information, the next consideration is whether it is protected from release by 7(C) or (D).

### FOIA Exemption 7(C) – Personal Privacy

24.     Information was withheld pursuant to Exemption 7(C). 5 U.S.C. § 552(b)(7)(C).

Exemption 7(C) provides protection for law enforcement information the disclosure of which

could reasonably be expected to constitute an unwarranted invasion of personal privacy. To

determine whether Exemption 7(C) would protect information in question from disclosure, the

agency must determine whether 1) the information in question is law enforcement information,

and 2) disclosure could reasonably be expected to constitute an unwarranted invasion of

personal privacy by balancing the public's right to disclosure of the information against the

individual's right to privacy. See, e.g., *Department of Justice v. Reporters Committee for*

*Freedom of the Press*, 489 U.S. 749, 774 (1989).

25.     The information that is being withheld and protected from disclosure under

Exemption 7(C) contain the home addresses, direct phone numbers, email addresses, and

names of private parties. The personal privacy interest of the individual in the protection of the

information outweighs any public interest in the redacted personal information.

26.     All reasonably segregable portions of the records were released to Plaintiff after the

(b)(7)(C) exemption was applied to the table.

### Exemption 7(D) – Confidential Sources

27.     Information was withheld pursuant to Exemption 7(D). 5 U.S.C. § 552(b)(7)(D).

Exemption 7(D) provides protection for records or information compiled for law enforcement

purposes which could reasonably be expected to disclose the identity of a confidential source, including a state, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source.

28.     The information in column "EE_COMPLAINANT" is being withheld and protected from disclosure under Exemption 7(D). The data in the EE_ COMPLAINANT column identifies employees within an employer organization who contacted the Wage and Hour Division in a confidential capacity regarding the employer's potential wage and hour violations.   Thus, the information in this column identifies confidential sources and information which could reasonably be expected to disclose the identities of confidential sources.

29.     All reasonably segregable portions of the records were released to Plaintiff after the (b)(7)(D) exemption was applied to the table.

### Segregation

30.     Every effort has been made to provide the Plaintiff with all reasonably segregable portions of the responsive material requested, reviewed, and released to Plaintiffs. Specifically, while all of the information responsive to Plaintiff's FOIA request constitutes a "personnel … file and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy," DOL has worked to release all portions of that file which contain information the release of which would not in and of itself constitute an invasion of privacy, and in which there could be said to be a public interest concerning the workings or operations of the federal government.

31.     DOL has carefully conducted a review of all responsive data and has determined what portions must be released and what portions must be withheld under statutory exemptions. Further segregation was not possible because any non-exempt information is inextricably intertwined with exempt information and releasing it would yield a product with little, if any, additional informational value while expending substantial DOL time and resources.

32.     No reasonably segregable non-exempt portions of the responsive records have been withheld from Plaintiff.

## Conclusion

33.     DOL has made every attempt to release as much information as is possible and has processed responsive records to withhold only the information that must be withheld pursuant to valid FOIA exemptions. DOL has made every attempt to comply with the intent of FOIA, while protecting the personal privacy of nongovernmental private parties and confidential witnesses.

*       *       *

- 8 -

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of July 2021.

Dexter E. Johnson
Digitally signed by Dexter E. Johnson
Date: 2021.07.27 08:01:57 -04'00'

Dexter E. Johnson
Chief, Document Management Branch
Disclosure Officer
Wage and Hour Division (WHD)
U.S. Department of Labor
200 Constitution Avenue, NW
Washington, DC 20210